UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

TANAWAH M. DOWNING,

                    Petitioner,

    v.

STATE OF WASHINGTON,

                    Respondent.

NO:  4:19-CV-5055-TOR

ORDER SUMMARILY DISMISSING
HABEAS PETITION

Petitioner, a prisoner at the Coyote Ridge Corrections Center, brings this *pro se* Petition for Writ of Habeas Corpus by a Person in State Custody pursuant to 28 U.S.C. § 2254.  The $5.00 filing fee has been paid.

**PROPER RESPONDENT**

An initial defect with the Petition is that it fails to name a proper party as a respondent.  The proper respondent in a federal petition seeking habeas corpus relief is the person having custody of the petitioner.  *Rumsfeld v. Padilla*, 542 U.S. 426 (2004); *Stanley v. Cal. Supreme Court*, 21 F.3d 359, 360 (9th Cir. 1994).  If the

petitioner is incarcerated, the proper respondent is generally the warden of the institution where the petitioner is incarcerated. *See Ortiz-Sandoval v. Gomez*, 81 F.3d 891 (9th Cir. 1996). Failure to name a proper respondent deprives federal courts of personal jurisdiction. *See Stanley*, 21 F.3d at 360.

## EXHAUSTION REQUIREMENT

Petitioner challenges his 2018 Benton County jury conviction for violating a domestic violence court order. He was sentenced to 24 months incarceration. Petitioner indicates that his direct appeal to the Washington State Court of Appeals, Division III, is still pending. ECF No. 1 at 3.

In his grounds for relief, Petitioner argues that the State of Washington has no jurisdiction to decide federal constitutional matters. ECF No. 1 at 6-13. It has long been settled that state courts are competent to decide questions arising under the U.S. Constitution. *See Baker v. Grice,* 169 U.S. 284, 291 (1898) ("It is the duty of the state court, as much as it is that of the federal courts, when the question of the validity of a state statute is necessarily involved, as being in alleged violation of any provision of the federal constitution, to decide that question, and to hold the law void if it violate that instrument."); *see also Worldwide Church of God v. McNair*, 805 F.2d 888, 891 (9th Cir. 1986) (holding that state courts are as competent as federal courts to decide federal constitutional matters). Therefore, Petitioner's arguments to the contrary lack merit.

Additionally, before a federal court may grant habeas relief to a state prisoner, the prisoner must exhaust the state court remedies available to him. 28 U.S.C. § 2254(b); *Baldwin v. Reese*, 541 U.S. 27 (2004). Exhaustion generally requires that a prisoner give the state courts an opportunity to act on his claims before he presents those claims to a federal court. *O'Sullivan v. Boerckel*, 526 U.S. 838 (1999). A petitioner has not exhausted a claim for relief so long as the petitioner has a right under state law to raise the claim by available procedure. *See id.*; 28 U.S.C. § 2254(c).

To meet the exhaustion requirement, the petitioner must have "fairly present[ed] his claim in each appropriate state court (including a state supreme court with powers of discretionary review), thereby alerting that court to the federal nature of the claim." *Baldwin*, 541 U.S. at 29; *see also Duncan v. Henry*, 513 U.S. 364, 365–66 (1995). A petitioner fairly presents a claim to the state court by describing the factual or legal bases for that claim and by alerting the state court "to the fact that the . . . [petitioner is] asserting claims under the United States Constitution." *Duncan*, 513 U.S. at 365–366; *see also Tamalini v. Stewart*, 249 F.3d 895, 898 (9th Cir. 2001) (same). Mere similarity between a claim raised in state court and a claim in a federal habeas petition is insufficient. *Duncan*, 513 U.S. at 365–366.

Furthermore, to fairly present a claim, the petitioner "must give the state courts one full opportunity to resolve any constitutional issues by invoking one

complete round of the State's established appellate review process." *O'Sullivan*, 526 U.S. at 845. Once a federal claim has been fairly presented to the state courts, the exhaustion requirement is satisfied. *See Picard v. Connor*, 404 U.S. 270, 275 (1971). It does not appear from the face of the Petition or the attached documents that Petitioner has exhausted his state court remedies as to each of his grounds for relief. Indeed, Petitioner affirmatively represents that he did not exhaust his state court remedies.

**GROUNDS FOR FEDERAL HABEAS RELIEF**

Petitioner asserts that the Washington state constitution contradicts the federal constitution regarding the Fifth Amendment right to "presentment or indictment of a Grand Jury." He claims "no bill of indictment" was brought against him rendering his arrest, conviction and imprisonment illegal.

Petitioner seems to argue that because the state courts have defied "federally established procedures and processes for the adjudication of crimes" only "a court of federal jurisdiction" has jurisdictional authority over his claims. His bald assertion that "due process of the law was ignored" is unsupported by his factual allegations.

The United States Supreme Court stated long ago: "Prosecution by information instead of by indictment is provided for by the laws of Washington. This is not a violation of the Federal Constitution." *See Gaines v. State of*

*Washington*, 277 U.S. 81, 86 (1928).  Consequently, Petitioner's assertions to the contrary presented in his four grounds for federal habeas relief are legally frivolous.

Because it plainly appears from the petition and the attached exhibits that Petitioner is not entitled to relief in this Court, **IT IS ORDERED** the petition, ECF No. 1, is **DISMISSED** pursuant to Rule 4, Rules Governing Section 2254 Cases in the United States District Courts.

**IT IS SO ORDERED.**  The Clerk of Court is directed to enter this Order, enter judgment, provide copies to Petitioner, and close the file.  The Court certifies that pursuant to 28 U.S.C. § 1915(a)(3), an appeal from this decision could not be taken in good faith, and there is no basis upon which to issue a certificate of appealability.  28 U.S.C. § 2253(c); Fed. R. App. P. 22(b).  A certificate of appealability is therefore **DENIED**.

**DATED** May 14, 2019.



THOMAS O. RICE
Chief United States District Judge