1
2
3
4

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| TANAWAH M. DOWNING,<br><br>      Petitioner,<br><br>  v.<br><br>STATE OF WASHINGTON,<br><br>      Respondent. | NO: 4:19-CV-5055-TOR<br><br>ORDER DENYING CONSTRUED MOTION FOR RECONSIDERATION |

BEFORE THE COURT is Petitioner's construed Motion for Reconsideration, ECF No. 6. This matter was submitted for consideration without oral argument. The Court has reviewed the record and is fully informed. For the reasons set forth below, the Motion for Reconsideration is **DENIED.**

By Order filed May 14, 2019, the Court summarily dismissed Mr. Downing's *pro se* Petition for Writ of Habeas Corpus by a Person in State Custody pursuant to 28 U.S.C. § 2254. ECF No. 4. Petitioner had not named a proper Respondent. *Rumsfeld v. Padilla*, 542 U.S. 426 (2004); *Stanley v. Cal. Supreme Court*, 21 F.3d

359, 360 (9th Cir. 1994). He conceded that he did not fully exhaust his state court remedies before filing his petition. 28 U.S.C. § 2254(b); *Baldwin v. Reese*, 541 U.S. 27 (2004); *O'Sullivan v. Boerckel*, 526 U.S. 838 (1999). Exhaustion is required.

Finally, the Court found Petitioner's assertion that the failure to prosecute him by indictment, rather than by information, was legally frivolous. *See Gaines v. State of Washington*, 277 U.S. 81, 86 (1928) ("Prosecution by information instead of by indictment is provided for by the laws of Washington. This is not a violation of the Federal Constitution."). In his construed Motion for Reconsideration, Petitioner once again asks this Court to direct the State of Washington to present a "Bill of Indictment" to justify the criminal legal process taken against him. ECF No. 6 at 1. Petitioner's request is squarely foreclosed by *Gaines*.

A motion for reconsideration may be reviewed under either Federal Rule of Civil Procedure 59(e) (motion to alter or amend a judgment) or Rule 60(b) (relief from judgment). *Sch. Dist. No. 1J v. ACandS, Inc.*, 5 F.3d 1255, 1262 (9th Cir. 1993). "A district court may properly reconsider its decision if it '(1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law.'" *Smith v. Clark Cnty. Sch. Dist.*, 727 F.3d 950, 955 (9th Cir. 2013) (quoting *School Dist. No. 1J*, 5 F.3d at 1263). "There may also be other, highly unusual, circumstances warranting reconsideration." *School Dist. No. 1J*, 5 F.3d at 1263. These standards

apply in habeas corpus proceedings under 28 U.S.C. § 2254 to the extent they are not inconsistent with applicable federal statutory provisions and rules. *See Gonzalez v. Crosby*, 545 U.S. 524, 530 (2005).

In this instance, Petitioner has not presented newly discovered evidence. *See School Dist. No. IJ*, 5 F.3d at 1263. He has not shown that the Court committed clear error or that the dismissal Order was manifestly unjust. Furthermore, there has been no intervening change in controlling law and there are no other circumstances warranting reconsideration. *Id.*

**ACCORDINGLY, IT IS ORDERED:**

Petitioner's construed Motion for Reconsideration, ECF No. 6, is **DENIED**. The Clerk of Court is directed to enter this Order and provide a copy to Petitioner. **The file shall remain closed**. The Court certifies that pursuant to 28 U.S.C. § 1915(a)(3), an appeal from this decision could not be taken in good faith, and there is no basis upon which to issue a certificate of appealability. 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b). A certificate of appealability is therefore **DENIED.**

DATED May 23, 2019.



THOMAS O. RICE
Chief United States District Judge